United States District Court
Southern District of Texas
**ENTERED**
September 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS J. WILLIAMS (TDCJ #2075105), | § § § § § | |
| Plaintiff, | | |
| vs. | § § § | CIVIL ACTION NO. H-18-2609 |
| HARRIS COUNTY, *et. al.*, | § § § | |
| Defendants. | | |

## MEMORANDUM AND ORDER

State inmate Thomas J. Williams (TDCJ #2075105) has filed a civil rights complaint under 42 U.S.C. § 1983, concerning an incident that occurred while he was incarcerated in the Harris County Jail. Williams proceeds *pro se* and *in forma pauperis*. As a result, the Court is required to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

## I. BACKGROUND

Public records reflect that Williams is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") as the result of a series of state court convictions from Harris County. *See* TDCJ Offender Information website located at: https://www.offender.tdcj.texas.gov (last visited Aug. 27, 2018). Records from Harris County reflect that on June 27, 2016, Williams entered a guilty plea and received a three-year prison sentence in three separate cases charging him with assault on a family member (148766701010, 148952201010, 141549301010). *See* Harris County District Clerk's Office website located at: https://www.hcdistrictclerk.com (last visited Aug. 27, 2018).

Williams alleges that, while he was in custody at the Harris County Jail on June 19, 2016, he was assaulted by two detention officers employed by the Harris County Sheriff's Department (Sergeant D.B. Cligin and Officer C.B. Smith). Williams explains that the officers were pulling on his arm while escorting him down the hall to the medical department when he "snatched" his arm away. One of the officers then threw him to the wall and started to assault him. Invoking 42 U.S.C. § 1983, Williams seeks unspecified compensatory damages from Harris County, Sergeant Cligin, and Officer Smith for the excessive use of force.

## II. DISCUSSION

In Texas, civil rights claims under 42 U.S.C. § 1983 are governed by the

two-year statute of limitations provided by state law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *see also Gartrell v. Gaylor*, 981 F.2d 254, 56-57 (5th Cir. 1993) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). This means that Williams had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Federal law determines when a cause of action accrues under § 1983. *See Smith v. Regional Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). A cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citing *Gartrell*, 981 F.2d at 257). In other words, "the limitations period begins when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.* (citation and internal quotation marks omitted); *Caudra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 n.7 (5th Cir. 2010) ("A general cause of action accrues when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.").

Williams knew of the injury that forms the basis of his complaint when the alleged assault occurred on June 19, 2016, meaning that his use-of-force claims accrued on that date. Williams executed his complaint in this case on July 23, 2018 [Doc. # 1, at 5], indicating that he mailed it on that date. Using the date most

favorable to Williams, his complaint was filed over two years from the time his claims accrued.[1]  Accordingly, the pending complaint is untimely and subject to dismissal as legally frivolous.  *See Gartell*, 981 F.2d at 256.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Thomas J. Williams is **DISMISSED** with prejudice as legally frivolous.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the plaintiff.  The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512- 936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on September 4, 2018.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Under the mail-box rule, a prisoner's complaint is considered filed on the date he placed it in the prison mail system for delivery to the court.  *See Houston v. Lack*, 487 U.S. 266, 275 (1988).